UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
MARK BUSSELL,                       )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   C.A. No. 14-109 S
                                    )
STATE OF RHODE ISLAND; STATE        )
POLICE DEPARTMENT; STEVEN G.        )
O'DONNELL, individually and as      )
Superintendent of the Rhode Island  )
State Police; NICHOLAS MESSINGER,   )
individually and in his official    )
capacity as a State Trooper         )
employed by the State of Rhode      )
Island; JOHN DOE, individually      )
and in his official capacity as a   )
State Trooper employed by the       )
State of Rhode Island,              )
                                    )
        Defendants.                 )
_____ )

## **OPINON AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Plaintiff Mark Bussell has filed a Motion to File an Amended Complaint (ECF No. 10) to substitute "Michael Capone" for the unidentified defendant "John Doe." Because the statute of limitations has expired and the proposed amendment does not relate back to the date of the original Complaint, the motion to amend is DENIED.

I.  Background

On January 24, 2014, Bussell filed a Complaint in the Providence County Superior Court against the State of Rhode

Island, the State Police Department, the Superintendent of the State Police, and two State Troopers, one of whom was identified at the time of filing simply as "John Doe." According to the Complaint, Bussell was driving on Route 146 in North Smithfield, Rhode Island, on February 3, 2011, when he suffered a diabetic episode that caused him to lose control of his vehicle and drive off the road. Bussell alleges that he was severely injured as a result of the actions of the two State Troopers who responded to the scene, one of whom was the officer identified as "John Doe." Bussell brings a claim under 42 U.S.C. § 1983 for violations of his Fourteenth Amendment rights, as well as state law-based claims of assault and battery, intentional infliction of emotional distress, and negligence. The case was removed to this Court on February 27, 2014. Having learned the identity of the previously unidentified State Trooper, Bussell filed the instant motion to amend his Complaint on June 10, 2014, seeking to substitute "Michael Capone" for "John Doe."

II. Discussion

After the time to amend a pleading as a matter of course has expired, a party may amend its pleadings only with consent of the opposing party or with leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. If the amendment would be futile, however, the court should refuse leave to amend. Hatch v. Dep't of Children,

2

Youth, and Their Families, 274 F.3d 12, 19 (1st Cir. 2001); Ferreira v. City of Pawtucket, 365 F. Supp. 2d 215, 216 (D.R.I. 2004). The futility of an amendment is measured by the same standard as a Rule 12(b)(6) motion to dismiss. Hatch, 274 F.3d at 19. For example, a proposed amendment is futile if the claims are barred by a statute of limitations. Ferreira, 365 F. Supp. 2d at 216.

    A.    The Statute of Limitations

The statute of limitations for personal injury cases in Rhode Island bars claims asserted more than three years after the accrual of the cause of action. See R.I. Gen. Laws § 9-1-14(b); Ferreira, 365 F. Supp. 2d at 216; see also McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995) (noting that federal courts hearing § 1983 claims must apply the statute of limitations of the forum state). Here, the cause of action accrued on the date of the incident, which was February 3, 2011. The statute of limitations expired three years later on February 3, 2014. Bussell filed this motion to amend on June 10, 2014, putting his motion outside the statute of limitations.

    B.    Relation Back of the Proposed Amendment

Bussell's attempt to amend his Complaint can be saved from the expiration of the statute of limitations if the amendment "relates back" to the date of the original pleading under Rule 15 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P.

3

15. Rule 15 allows an amendment to relate back only in certain circumstances. When an amendment changes the name of a defendant, the amendment will not relate back unless, among other things, the party to be brought in "knew or should have known that the action would have been brought against it, but for a <u>mistake</u> concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). This so-called "mistake proviso was drafted to resolve the problem of a misnamed defendant and allow a party to correct a <u>formal defect</u> such as a misnomer or misidentification." <u>Cholopy v. City of Providence</u>, 228 F.R.D. 412, 418 (D.R.I. 2005) (quoting <u>Ferreira</u>, 365 F. Supp. 2d at 217) (internal quotation marks omitted); <u>see also</u> Fed. R. Civ. P. 15 advisory committee's note to 1991 amendment. Accordingly, an amendment to change the name of a defendant relates back only "where there has been an error made concerning the identity of the proper party," and not "where . . . <u>there is a lack of knowledge of the proper party</u>." <u>Wilson v. United States</u>, 23 F.3d 559, 563 (1st Cir. 1994) (quoting <u>Worthington v. Wilson</u>, 8 F.3d 1253, 1256 (7th Cir. 1993)) (internal quotation marks omitted).

An amendment to substitute a named individual for a "John Doe" defendant does not relate back to the time of the original filing because the "plaintiff's lack of knowledge as to the identity of a defendant, unlike a misnomer or a

misidentification of a defendant, does not constitute a mistake under [Rule 15(c)(1)(C)(ii)]." Cholopy, 228 F.R.D. at 418 (quoting Ferreira, 365 F. Supp. 2d at 217) (internal quotation marks omitted).[1] This is true in "[t]he overwhelming majority of federal appellate courts that have considered the issue." See Ferreira, 365 F. Supp. 2d at 217 (citations omitted) (collecting cases). This approach also makes sense as a matter of policy "because otherwise any complaint with 'John Doe' defendants would have an indefinite and potentially infinite limitations period." Cholopy, 228 F.R.D. at 418.

Here, as in Ferreira and Cholopy, there was no mistake in the original complaint, as Bussell simply lacked knowledge as to the identity of the proper party. Because there was no mistake as required under Rule 15(c)(1)(C)(ii), the proposed amendment does not relate back to the date of the original complaint.

III. Conclusion

Bussell moved to amend his complaint after the applicable statute of limitations had expired, and the amendment does not relate back to the date of the original complaint. For that

---

[1] Ferreira and Cholopy are strikingly similar to this case. Both cases involved alleged police misconduct by officers identified originally as "John Doe." See Cholopy, 228 F.R.D. at 414; Ferreira, 365 F. Supp. 2d at 216. In both cases, the court held that a proposed amendment to substitute a named individual for a "John Doe" officer did not relate back to the date of the original filing. See Cholopy, 228 F.R.D. at 414; Ferreira, 365 F. Supp. 2d at 217.

5

reason, the amendment is futile. Therefore, Bussell's Motion to File an Amended Complaint is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: July 25, 2014